**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **RACHEL BENTLEY,** | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | |
| | : | |
| **AUTOZONERS, LLC; and AUTOZONE** | : | |
| **NORTHEAST, LLC** | : | SEPTEMBER 6, 2016 |
| Defendant. | : | |

<u>**NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE** that Defendants, AutoZoners, LLC and AutoZone Northeast, Inc.[1] (improperly named in the Complaint as AutoZone Northeast, LLC) (collectively referred to as "AutoZone" where appropriate), by its undersigned counsel, hereby remove this action from the State of Connecticut Superior Court, New Haven Judicial District, where it is now pending, pursuant to 28 U.S.C. §§ 1332 and 1441, to the United States District Court for the District of Connecticut. As grounds for this removal, and reserving all rights, objections, and defenses, AutoZone represents as follows in support of this Notice of Removal:

1.    On or about August 2, 2016, Plaintiff, Rachel Bentley ("Plaintiff"), filed a Complaint against AutoZone in the State of Connecticut Superior Court, New Haven Judicial

---

[1] AutoZone Northeast, Inc. was incorrectly named as a defendant in this action. AutoZone Northeast, Inc. was never Plaintiff's employer and, in fact, does not have an employment relationship with any individuals. Exhibit A, Declaration of Patrick Johnson ("Johnson Dec."), ¶ 8. Instead, AutoZoners, LLC is the entity that employed Plaintiff. For purposes of removal, however, this distinction does not matter, as neither AutoZone Northeast, LLC nor AutoZoners, LLC is a citizen of Connecticut.

{00931315.DOC Ver. 1}

District at Docket No. NNH-CV16-6064136-S (the "State Court Action"). True and correct copies of Plaintiff's Complaint and all other materials served at the time of service of the Complaint and filed in the State Court Action are attached hereto as Exhibit B. Thus, all process, pleadings, and orders served in the Superior Court to date are attached to this Notice of Removal.

2.      The Complaint was served upon AutoZone through its counsel of record on August 4, 2016.

3.      This action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  The statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.      For the reasons demonstrated herein, this Court has original jurisdiction over this civil action and this action is removable pursuant to 28 U.S.C. § 1332 because (1) this is a civil action between citizens of different states, and (2) the substantive allegations of Plaintiff's Complaint can be fairly read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the District of Connecticut under 28 U.S.C. § 1441(a) because this district embraces the place where the removed action has been pending (New Haven, Connecticut).

## CITIZENS OF DIFFERENT STATES

6.      Upon information and belief, Plaintiff is a citizen of the State of Connecticut, residing in the City of Meriden.  Complaint, ¶ 1.

7.      AutoZoners, LLC is a limited liability company that was established under the laws of the state of Nevada, and maintains its principal place of business in Tennessee.  Exhibit A, Johnson Dec., ¶ 5; Complaint, ¶ 2.

8.      The sole member of AutoZoners, LLC is AutoZone Investment Corporation. Exhibit A, Johnson Dec., ¶ 6.  AutoZone Investment Corporation (a corporation) is incorporated in Nevada and maintains its principal place of business in Tennessee.  *Id.*

9.      AutoZone Investment Corporation is a subsidiary of the parent corporation AutoZone, Inc.  Exhibit A, Johnson Dec., ¶ 7.  AutoZone, Inc. (a corporation) is incorporated in Nevada and maintains its principal place of business in Tennessee. *Id.*

10.     AutoZone Northeast, Inc. is not a proper defendant as it was never Plaintiff's employer.  Exhibit A, Johnson Dec., ¶ 8.   Regardless, AutoZone Northeast, Inc. was a New Jersey and was merged into AutoZone Northeast, LLC, a Nevada LLC, on August 30, 2014.   . Exhibit A, Johnson Dec., ¶ 9; Complaint, ¶ 3.

11.     Therefore, there is complete diversity that exists between the parties. Complete diversity between the parties existed on the date the Complaint was filed in state court, the date this action was removed to federal court, and all times in-between.

## THERE IS A "REASONABLE PROBABILITY" THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12.     Moreover, the substantive allegations of Plaintiff's complaint can be fairly read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Plaintiff seeks an unspecified amount of damages in relation to her claims under the CFEPA as, in accordance with Connecticut practice, Plaintiff's "Statement of Amount in Demand" requests damages "greater than $15,000.00 exclusive of attorneys and costs."  *See Baron v. Maxam N. Am., Inc.,* No. 3:11-CV-198 JCH, 2012 WL 1247257, at *3 (D. Conn. Apr.

13, 2012).    Thus, AutoZone must demonstrate that "it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* at *2 (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir.2000)).

14.    In support of the proposition that the amount in controversy exceeds $75,000, AutoZone relies on the factual allegations in Plaintiff's Complaint in which she alleges gender discrimination, a sexually hostile work environment, and retaliation in violation of the Connecticut Fair Employment Practices Act ("CFEPA") and, thus, seeks damages including back pay, front pay, emotional distress, and reasonable attorneys' fees.    Complaint, ¶¶ 40-42; 46-51; 52-52; Demand for Relief.

15.    Back pay, emotional distress damages, and reasonable attorneys' fees are recoverable under the CFEPA, and thus may be used to satisfy the amount in controversy. *Baron*, 2012 WL 1247257, at *3 (citing C.G.S. § 46a–104; *Thames Talent, Ltd. v. Comm'n on Human Rights,* 265 Conn. 127, 141, 827 A.2d 659 (2003); *Patino v. Birken Mfg. Co.,* No. CV054016120S, 2009 WL 1624365 (Conn. Super. Ct. May 15, 2009), *aff'd,* 304 Conn. 679, 41 A.3d 1013 (2012)).

16.    "Attorneys' fees may be used to satisfy the amount in controversy where they are recoverable as a matter of right pursuant to statute." *Id.* at fn. 9 (citing *Kimm v. KCC Trading, Inc.,* 2012 WL 171503, at *1 (2d Cir. Jan 23, 2012)).

17.    Plaintiff was employed by AutoZone as a part time sales person and, thus, her hours worked per week varied.    During Plaintiff's eighteen months of employment with AutoZone, she earned approximate wages totaling $13,042.    Thus, at the time of Plaintiff's discharge on September 18, 2014, her annual compensation was approximately $8,695.    Exhibit C, Declaration of Nuno Antunes ("Antunes Dec.") Dec., ¶¶ 6-7.

18.    Alleged back pay damages should be calculated through trial. *Sands v. Runyon*, 28 F.3d 1323, 1328 (2d Cir. 1994) ("Back pay should be calculated to the date of judgment").

19.    As a conservative estimate, it can reasonably be anticipated that trial would take place in one year, or in September 2017. Thus, as of the estimated date of trial (September 2017), Plaintiff's back pay claim can be reasonably approximated as $26,085.[2]

20.    Further, Plaintiff seeks emotional distress damages. Emotional distress damages awards vary widely depending on the severity of the allegations in the case. *See Baron,* 2012 WL 1247257, at *3 (citing *Patino*, 2009 WL 1624365, at *16 (noting that emotional distress damages of $5,000 to $65,000 may be appropriate for "less severe discrimination cases," and awards of $100,000 to $400,000 may be appropriate for severe discrimination cases)).

21.    Further, should Plaintiff prevail, she would be entitled to reasonable attorneys' fees, which AutoZone estimates could equal $50,000 or higher. *See id.* (citing *Patino v. Birken Mfg. Co.,* No. CV054016120S, 2009 WL 2872836, at *3 (Conn. Super. Ct. Aug. 6, 2009) (noting that Connecticut courts have adopted twelve factors to consider in determining reasonable attorney fees, and awarding $42,800 in attorneys' fees for a hostile work environment claim)).

22.    Thus, the allegations in Plaintiff's Complaint can be fairly read that there exists a reasonable probability that the amount in controversy, even calculated conservatively, exceeds $75,000. *See id.*

---

[2] AutoZone arrived at this number by calculating the approximate wages Plaintiff earned in total during her eighteen months of employment with AutoZone, which was $13,042. This amount was then divided by eighteen, and multiplied by twelve to approximate Plaintiff's annual compensation, which equals $8,695. Then, AutoZone calculated the amount of time between the date she was terminated from employment with AutoZone, September 2014, and the estimated date of trial, September 2017 – or three years – and multiplied this by $8,695, which totals approximately $26,085 in back pay.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders filed with the state court are attached hereto as Exhibit B.

24.     AutoZone will promptly file a copy of this Notice of Removal with the clerk of the state court where this action has been pending.

25.     Because AutoZone is filing this Notice of Removal within thirty (30) days after being served with the Complaint, which took place on August 4, 2016, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons...").

26.     Pursuant to 28 U.S.C. § 1446(c), AutoZone has given written notice of filing of this Notice of Removal to Plaintiff.

27.     Trial has not commenced in the State court action.

**WHEREFORE**, Defendant, AutoZoners, LLC, through its undersigned counsel, gives notice that the State Court Action is hereby removed from State of Connecticut Superior Court, New Haven Judicial District, to the United States District Court for the District of Connecticut.

Dated: September 6, 2016

                              Respectfully submitted,

                              Tracy E. Kern*
                              Alison P. Lungstrum*
                              Jones Walker LLP
                              201 St. Charles Avenue
                              New Orleans, LA  70170-5100
                              Phone: (504) 582-8134
                                        (504) 582-8490
                              Fax:    (504) 589-8134
                                        (504) 589-8490
                              Email: tkern@joneswalker.com
                                        alungstrum@joneswalker.com

                              * *Motions for pro hac vice admission forthcoming*

{00931315.DOC Ver. 1}

and

Laurie M. Riley*
Miami Center
201 Biscayne Blvd.
Suite 2600
Miami, Florida 33131-4341
Phone: 305-679-5728
Fax: 305-679-5710
Email: lriley@joneswalker.com

* *Motion for pro hac vice admission forthcoming*

and

*s/ Michael P. Devlin*
Michael P. Devlin
Federal Bar No. ct04095
Berchem, Moses & Devlin, P.C.
75 Broad Street, Milford, CT 06460
Phone: (203) 882-4137
Fax:    (203) 877-8422
Email:  mdevlin@bmdlaw.com

Counsel for Defendants AutoZoners, LLC and
AutoZone Northeast, Inc.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Connecticut that on September 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing via the CM/ECF filing system to counsel of record for Plaintiff at the email address described below:

James V. Sabatini
Juris No. 052654
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, Connecticut 06111
Phone: (860) 667-0839
Fax: (860) 667-0867
Email: jsabatini@sabatinilaw.com

DATED this 6th day of September, 2016.

s/ Michael P. Devlin
Michael P. Devlin
Berchem, Moses & Devlin, P.C.
75 Broad Street, Milford, CT 06460
Phone: 203-882-4137
Fax: 203-877-8422
Email: mdevlin@bmdlaw.com

{00931315.DOC Ver. 1}

# EXHIBIT A

## DECLARATION OF PATRICK JOHNSON

1.      My name is Patrick Johnson, and I am of the full age of majority, am competent to testify under oath, and make the statements herein based upon my personal knowledge of the facts referenced herein and subject to the penalty of perjury.

2.      Before signing this Declaration, I reviewed it completely for accuracy and had the opportunity to make any changes that were necessary to make it accurate.

3.      I am a State Income Tax Manager for Defendant, AutoZoners, LLC.

4.      Rachel Bentley ("Ms. Bentley") was previously employed by AutoZoners, LLC.

5.      AutoZoners, LLC is a limited liability company that was established under the laws of the state of Nevada, and maintains its principal place of business in Tennessee.

6.      The sole member of AutoZoners, LLC is AutoZone Investment Corporation. AutoZone Investment Corporation (a corporation) is incorporated in Nevada, and a true and correct copy of the Business Entity Information from the website of the Nevada Secretary of State for this entity is attached hereto as Exhibit 1.  AutoZone Investment Corporation maintains its principal place of business in Tennessee.

7.      AutoZone Investment Corporation is a subsidiary of the parent corporation AutoZone, Inc. AutoZone, Inc. (a corporation) is incorporated in Nevada, and a true and correct copy of the Business Entity Information from the website of the Nevada Secretary of State for this entity is attached hereto as Exhibit 2. AutoZone, Inc. maintains its principal place of business in Tennessee.

8.      AutoZone Northeast, Inc. never employed Ms. Bentley and, in fact, does not have an employment relationship with any individuals.

{N3281492.1}

9.    In any event, AutoZone Northeast, Inc. was a New Jersey Corporation and was merged into AutoZone Northeast LLC, a Nevada LLC, on August 30, 2014.    Therefore, AutoZone Northeast, Inc. has not existed since that time.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 31 day of August, 2016.

PATRICK JOHNSON

{N3281492.1}

# EXHIBIT B

*Paul*

 CT Corporation

**Service of Process
Transmittal**
08/04/2016
CT Log Number 529619865

TO:     Kristen C. Wright, Sr. VP, General Counsel & Secretary
        AutoZone, Inc.
        123 S Front St
        Memphis, TN 38103-3618

RE:     **Process Served in Connecticut**

FOR:    AutoZone Northeast LLC  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RACHEL BENTLEY, Pltf. vs. AUTOZONERS, LLC and AUTOZONE NORTHEAST, LLC, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Civil Summons, Complaint, Statement, Exhibit(s), Release |
| **COURT/AGENCY:** | New Haven at New Haven Superior Court Judicial District, CT Case # NONE |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On September 18, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/04/2016 at 12:15 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after the return date September 6, 2016 |
| **ATTORNEY(S) / SENDER(S):** | James V. Sabatini, Esquire Sabatini and Associates, LLC 1 Market Square Newington, CT 06111 860-667-0839 |
| **REMARKS:** | Name discrepancy noted. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783748618590 |
| | Image SOP |
| | Email Notification,  Pam Butler  PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | One Corporate Center Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS - CIVIL**
JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street; New Haven, CT 06510 | ( 203 ) 503-6800 | September   6 , 2016<br>Month   Day   Year |
| ☒ Judicial District      ☐ G.A.<br>☐ Housing Session        Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>New Haven | Case type code *(See list on page 2)*<br>Major: M      Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented  *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |
| Telephone number *(with area code)*<br>( 860 ) 667-0839 | Signature of Plaintiff *(If self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)*<br>jsabatini@sabatinilaw.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| First Plaintiff | Name:<br>Address: | BENTLEY, Rachel<br>44 Eddy Avenue; Apartment 61; Meriden, CT 06450 | P-01 |
| Additional Plaintiff | Name:<br>Address: | | P-02 |
| First Defendant | Name:<br>Address: | AUTOZONERS, LLC; 123 S. Front Street; Memphis, TN 38103<br>Agent: CT Corporation Service; One Corporate Center; Hartford, CT 06103-3220 | D-01 |
| Additional Defendant | Name:<br>Address: | AUTOZONE NORTHEAST, LLC; 123 S. Front Street; Memphis, TN 38103<br>Agent: CT Corporation Service; One Corporate Center; Hartford, CT 06103-3220 | D-02 |
| Additional Defendant | Name:<br>Address: | | D-03 |
| Additional Defendant | Name:<br>Address: | | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>James V. Sabatini, Esquire | Date signed<br>8-□-16 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date<br>True Copy<br>ATTEST<br><br>Alan F. Zaniewski<br>State Marshal<br>Hartford County |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE:  SEPTEMBER 6, 2016

RACHEL BENTLEY                  :        SUPERIOR COURT

VS.                             :        NEW HAVEN JUDICIAL DISTRICT

AUTOZONERS, LLC; and
AUTOZONE NORTHEAST, LLC :        AUGUST 2, 2016

## COMPLAINT

1.      Plaintiff Rachel Bentley was and is a citizen of the State of Connecticut

residing in the City of Meriden.

2.      Defendant Autozoners, LLC was and is a limited liability company

organized and existing under the laws of the State of Tennessee with a principal place of

business located at 123 S. Front Street, Memphis, Tennessee, 38103.

3.      Defendant Autozone Northeast, LLC was and is a limited liability

company organized and existing under the laws of the State of Nevada with a principal

place of business located at 123 S. Front Street, Memphis, Tennessee, 38103.

4.      At all times material, plaintiff was an employee with the meaning of the

Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq.*

5.      At all times material, defendants were and are employers within the

meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq.*

6.      Defendant, AutoZoners, LLC employed plaintiff.

7.      The store Plaintiff worked at was operated by Defendant AutoZone

Northeast, LLC.

8.      Plaintiff began employment with the Defendants on or about April 14,

2013

1

9.     Plaintiff was a part time sales person in Defendants' auto parts store located in Wallingford, Connecticut.

10.    Plaintiff performed her job at or above a satisfactory level.

11.    Plaintiff is female.

12.    Defendants employed a person named Manuel Valentin.

13.    Valentin was a supervisory employee.

14.    Valentin's job position was part service manager.

15.    In February 2014, Plaintiff was working with a customer at the front of the store when Valentin told Plaintiff to get him parts from the back of the store for his customer.

16.    Plaintiff responded: "Why don't you get it yourself? I'm busy and you have time."

17.    Valentin responded: "women shouldn't be working in an auto parts store. Women are lazy. Women don't do anything."

18.    In response to Valentin's comments, Plaintiff used inappropriate language.

19.    Prior to February 2014, Plaintiff had not used inappropriate language in the workplace.

20.    Subsequent to February 2014, Plaintiff did not use inappropriate language in the workplace.

21.    In March 2014, Valentin made the following comment in the workplace: "women are lazy. Women don't do anything."

22.    Then after making the comments, Valentin followed Plaintiff and said: "I'm going to fucking slap you."

2

23.    In March 2014, Complainant reported Valentin's threat to the Defendant.

24.    Plaintiff informed Defendants' human resources department, the store manager, and the district manager, David Campanile, that Valentin threatened to slap her.

25.    To Plaintiff's knowledge, Defendants did not investigate Valentin's March 2014 threat.

26.    In September 2014, Defendants' human resources employee, Nuno Antunes, asked Plaintiff whether she had any work complaints.

27.    Plaintiff told Antunes that Valentin threatened to slap her and repeatedly made sexist remarks to her. Plaintiff also stated that one was the managers was stealing from the store.

28.    Valentin has stated in the workplace "fucking women", "never work with a female", "guys are superior to women", "doesn't want to work with women"

29.    Valentin called Plaintiff and a female co-worker lazy.

30.    Valentin made sexist comments in the workplace approximately 20 times.

31.    Valentin made sexist comments in the presence of male customers.

32.    Valentin made sexist comments directed at Plaintiff.

33.    Valentin made sexist comments directed at one or more other female employees.

34.    On September 18, 2014, Defendants terminated Plaintiff's employment.

35.    Campanile told Plaintiff that she was fired for using improper language in February 2014.

36.    Defendants' excuse for terminating Plaintiff's employment was a pretext to mask unlawful discrimination and/or retaliation.

37.     Defendant did not terminate Valentin's employment.

38.     On or about February 19, 2015, Plaintiff filed her Complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO).

39.     On or about May 10, 2016, Plaintiff received a release of jurisdiction from the CHRO attached hereto as Exhibit 1.

## FIRST COUNT
### (Gender Discrimination in Violation of C.G.S. §46a-60(a)(1))

1.     Plaintiff repeats the allegations paragraphs 1 through 39 as if fully incorporated herein.

40.     Defendants, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1) in one or more of the following ways.

a.     In that defendants interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

b.     In that defendants limited and classified the plaintiff by her gender in such a way that deprived her of her employment and/or employment opportunities;

c.     In that defendants discriminated against the plaintiff in such a way that adversely affected her status as an employee;

d.     In that defendants treated the plaintiff adversely different from similarly situated employees;

e.     In that defendants terminated the plaintiff from her employment on account of her gender;

4

f.    In that defendants discriminated against the plaintiff in the terms and conditions of her employment on the basis of gender;

g.    In that defendants intentionally discriminated against the plaintiff.

41.    As a result of defendants' violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1), plaintiff suffered damages including: loss of employment, loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan.

42.    As a further result of defendants' termination of plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

43.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

44.    Gender discrimination was a motivating factor in defendants' decision to terminate plaintiff's employment.

45.    The defendants exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by discriminating against her and terminating her on the basis of her gender.

## SECOND COUNT
(Hostile Work Environment- Gender Harassment in Violation of C.G.S. §46a-60(a)(1)

1.    Plaintiff repeats the foregoing allegations as if the same were repeated herein.

46.    Plaintiff was repeatedly subjected to gender harassment by her supervisor. The harassment was repetitious and continuous.

47.    The harassment was unwelcome.

5

48.     The harassment was on the basis of Plaintiff's gender.

49.     Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

50.     Defendants knew or should have known that the plaintiff was being harassed and unreasonably failed to stop the harassment.

51.     As a direct and proximate result of the hostile work environment harassment, plaintiff suffered damages.

## THIRD COUNT
### (Retaliation in Violation of C.G.S. §46a-60(a)(4))

1.      Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 51 as though fully set forth herein.

52.     Defendants, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4) in one or more of the following ways:

        a.      In that defendants retaliated against the plaintiff for complaining that she was being subjected to a hostile work environment involving gender harassment.

53.     As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

54.     As a further result of defendants' retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

55.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

56.     The defendants exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against her.

6

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; job reinstatement with promotion; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 2nd day of August, 2016.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

James V. Sabatini

A True Copy
ATTEST
Alan F. Zaniewski
State Marshal
Hartford County

7

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Rachel Bentley
COMPLAINANT                                    CHRO No.1530385

vs.
                                               EEOC No. 16A-2015-00797

ADAP Inc.
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: May 10, 2016

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

Service:
Complainant's attorney:    sa@sabatinilaw.com
Respondent's attorney:    rebecca.baggett@autozone.com

A True Copy
ATTEST

Alan F. Zaniewski
State Marshal
Hartford County

*Paul*

 CT Corporation

**Service of Process Transmittal**
08/04/2016
CT Log Number 529619428

TO:     Kristen C. Wright, Sr. VP, General Counsel & Secretary
        AutoZone, Inc.
        123 S Front St
        Memphis, TN 38103-3618

RE:     **Process Served in Connecticut**

FOR:    AutoZoners, LLC  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RACHEL BENTLEY, Pltf. vs. AutoZoners, LLC and AutoZone Northeast, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Release |
| **COURT/AGENCY:** | New Haven at New Haven Superior Court Judicial District, CT<br>Case # NONE |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On September 18, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/04/2016 at 12:15 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 09/06/2016 |
| **ATTORNEY(S) / SENDER(S):** | James V. Sabatini<br>Sabatini and Associates, LLC<br>1 Market Square<br>Newington, CT 06111<br>860-667-0839 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783748618590<br><br>Image SOP<br><br>Email Notification,  Pam Butler  PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>One Corporate Center<br>Hartford, CT 06103-3220<br>860-724-9044 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS - CIVIL**
JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) | | |
|---|---|---|---|---|
| 235 Church Street; New Haven, CT  06510 | ( 203 )503-6800 | September | 6 | , 2016 |
| | | Month | Day | Year |

| ☒ Judicial District    ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) New Haven | Case type code (See list on page 2) Major:  M    Minor:  90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT  06111 | 052654 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 667-0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) jsabatini@sabatinilaw.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name:  BENTLEY, Rachel  Address:  44 Eddy Avenue; Apartment 61; Meriden, CT  06450 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name:  AUTOZONERS, LLC; 123 S. Front Street; Memphis, TN  38103  Address:  Agent:  CT Corporation Service; One Corporate Center; Hartford, CT  06103-3220 | D-01 |
| Additional Defendant | Name:  AUTOZONE NORTHEAST, LLC; 123 S. Front Street; Memphis, TN  38103  Address:  Agent:  CT Corporation Service; One Corporate Center; Hartford, CT  06103-3220 | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left James V. Sabatini, Esquire | Date signed 8-_-16 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | A True Copy |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | ATTEST |

Alan F. Zanlewski
State Marshal
Middlesex County

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

RETURN DATE:  SEPTEMBER 6, 2016

RACHEL BENTLEY         :     SUPERIOR COURT

VS.                        :     NEW HAVEN JUDICIAL DISTRICT

AUTOZONERS, LLC; and
AUTOZONE NORTHEAST, LLC :     AUGUST 2, 2016

## COMPLAINT

     1.     Plaintiff Rachel Bentley was and is a citizen of the State of Connecticut residing in the City of Meriden.

     2.     Defendant Autozoners, LLC was and is a limited liability company organized and existing under the laws of the State of Tennessee with a principal place of business located at 123 S. Front Street, Memphis, Tennessee, 38103.

     3.     Defendant Autozone Northeast, LLC was and is a limited liability company organized and existing under the laws of the State of Nevada with a principal place of business located at 123 S. Front Street, Memphis, Tennessee, 38103.

     4.     At all times material, plaintiff was an employee with the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq.*

     5.     At all times material, defendants were and are employers within the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq.*

     6.     Defendant, AutoZoners, LLC employed plaintiff.

     7.     The store Plaintiff worked at was operated by Defendant AutoZone Northeast, LLC.

     8.     Plaintiff began employment with the Defendants on or about April 14, 2013.

1

9.      Plaintiff was a part time sales person in Defendants' auto parts store located in Wallingford, Connecticut.

10.     Plaintiff performed her job at or above a satisfactory level.

11.     Plaintiff is female.

12.     Defendants employed a person named Manuel Valentin.

13.     Valentin was a supervisory employee.

14.     Valentin's job position was part service manager.

15.     In February 2014, Plaintiff was working with a customer at the front of the store when Valentin told Plaintiff to get him parts from the back of the store for his customer.

16.     Plaintiff responded: "Why don't you get it yourself? I'm busy and you have time."

17.     Valentin responded: "women shouldn't be working in an auto parts store. Women are lazy. Women don't do anything."

18.     In response to Valentin's comments, Plaintiff used inappropriate language.

19.     Prior to February 2014, Plaintiff had not used inappropriate language in the workplace.

20.     Subsequent to February 2014, Plaintiff did not use inappropriate language in the workplace.

21.     In March 2014, Valentin made the following comment in the workplace: "women are lazy. Women don't do anything."

22.     Then after making the comments, Valentin followed Plaintiff and said: "I'm going to fucking slap you."

2

23.    In March 2014, Complainant reported Valentin's threat to the Defendant.

24.    Plaintiff informed Defendants' human resources department, the store manager, and the district manager, David Campanile, that Valentin threatened to slap her.

25.    To Plaintiff's knowledge, Defendants did not investigate Valentin's March 2014 threat.

26.    In September 2014, Defendants' human resources employee, Nuno Antunes, asked Plaintiff whether she had any work complaints.

27.    Plaintiff told Antunes that Valentin threatened to slap her and repeatedly made sexist remarks to her. Plaintiff also stated that one was the managers was stealing from the store.

28.    Valentin has stated in the workplace "fucking women", "never work with a female", "guys are superior to women", "doesn't want to work with women"

29.    Valentin called Plaintiff and a female co-worker lazy.

30.    Valentin made sexist comments in the workplace approximately 20 times.

31.    Valentin made sexist comments in the presence of male customers.

32.    Valentin made sexist comments directed at Plaintiff.

33.    Valentin made sexist comments directed at one or more other female employees.

34.    On September 18, 2014, Defendants terminated Plaintiff's employment.

35.    Campanile told Plaintiff that she was fired for using improper language in February 2014.

36.    Defendants' excuse for terminating Plaintiff's employment was a pretext to mask unlawful discrimination and/or retaliation.

3

37.   Defendant did not terminate Valentin's employment.

38.   On or about February 19, 2015, Plaintiff filed her Complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO).

39.   On or about May 10, 2016, Plaintiff received a release of jurisdiction from the CHRO attached hereto as Exhibit 1.

**FIRST COUNT**
(Gender Discrimination in Violation of C.G.S. §46a-60(a)(1))

1.   Plaintiff repeats the allegations paragraphs 1 through 39 as if fully incorporated herein.

40.   Defendants, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1) in one or more of the following ways.

a.   In that defendants interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

b.   In that defendants limited and classified the plaintiff by her gender in such a way that deprived her of her employment and/or employment opportunities;

c.   In that defendants discriminated against the plaintiff in such a way that adversely affected her status as an employee;

d.   In that defendants treated the plaintiff adversely different from similarly situated employees;

e.   In that defendants terminated the plaintiff from her employment on account of her gender;

4

f.   In that defendants discriminated against the plaintiff in the terms and conditions of her employment on the basis of gender;

g.   In that defendants intentionally discriminated against the plaintiff.

41.   As a result of defendants' violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1), plaintiff suffered damages including: loss of employment, loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan.

42.   As a further result of defendants' termination of plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

43.   Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

44.   Gender discrimination was a motivating factor in defendants' decision to terminate plaintiff's employment.

45.   The defendants exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by discriminating against her and terminating her on the basis of her gender.

## SECOND COUNT
### (Hostile Work Environment- Gender Harassment in Violation of C.G.S. §46a-60(a)(1)

1.   Plaintiff repeats the foregoing allegations as if the same were repeated herein.

46.   Plaintiff was repeatedly subjected to gender harassment by her supervisor. The harassment was repetitious and continuous.

47.   The harassment was unwelcome.

5

48.    The harassment was on the basis of Plaintiff's gender.

49.    Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

50.    Defendants knew or should have known that the plaintiff was being harassed and unreasonably failed to stop the harassment.

51.    As a direct and proximate result of the hostile work environment harassment, plaintiff suffered damages.

### THIRD COUNT
### (Retaliation in Violation of C.G.S. §46a-60(a)(4))

1.    Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 51 as though fully set forth herein.

52.    Defendants, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4) in one or more of the following ways:

a.    In that defendants retaliated against the plaintiff for complaining that she was being subjected to a hostile work environment involving gender harassment.

53.    As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

54.    As a further result of defendants' retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

55.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

56.    The defendants exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against her.

6

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; job reinstatement with promotion; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 2nd day of August, 2016.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

James V. Sabatini

**A True Copy**
**ATTEST**

Alan F. Zaniewski
State Marshal
Hartford County

7

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Rachel Bentley
COMPLAINANT

CHRO No. 1530385

vs.

EEOC No. 16A-2015-00797

ADAP Inc.
RESPONDENT

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: May 10, 2016

Tanya A. Hughes, Executive Director

Service:
Complainant's attorney:  sa@sabatinilaw.com
Respondent's attorney:  rebecca.baggett@autozone.com

A True Copy
ATTEST

Alan F. Zaniewski
State Marshal
Hartford County

# EXHIBIT C

## DECLARATION OF NUNO ANTUNES

1.      My name is Nuno Antunes, and I am of the full age of majority, am competent to testify under oath, and make the statements herein based upon my personal knowledge of the facts referenced herein and subject to the penalty of perjury.

2.      Before signing this Declaration, I reviewed it completely for accuracy and had the opportunity to make any changes that were necessary to make it accurate.

3.      I am a Regional Human Resources Manager for Defendant, AutoZoners, LLC. ("AutoZone").

4.      In my position, I am familiar with the records of regularly conducted activity of AutoZone with respect to personnel matters, and I have access to personnel and payroll files of employees and former employees.

5.      The statements made herein are based on my review of company records that were made as part of a regular practice and kept in the course of regularly conducted activity of company business.

6.      Rachel Bentley ("Ms. Bentley") was previously employed by AutoZone as Part Time Sales, at Store 3228 and, thus, her hours worked per week varied.

7.      During Ms. Bentley's eighteen months of employment with AutoZone, she earned approximate wages totaling $13,042. Thus, at the time of Plaintiff's discharge on September 18, 2014, her annual compensation was approximately $8,695. A true and correct copy of Ms. Bentley's pay information during her employment with AutoZone, is attached hereto as Exhibit 1.

{M1223191.1}

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of September, 2016.

NUNO ANTUNES